■ In the Matter of 1996 JBL TRUST. ROBERT H. LORSCH, Appellant, v LLOYD S. ZEIDERMAN, Respondent. [817 NYS2d 224]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), entered March 21, 2005, which denied the petition to, inter alia, remove the trustee of the subject trust, unanimously affirmed, with costs.

Petitioner, the settlor of the subject irrevocable inter vivos trust, seeks, inter alia, respondent's removal as the trust's sole trustee. The trust instrument specifically provides that Califor-

nia law governs the administration, validity and interpretation of the trust instrument.

Petitioner has not shown that respondent's removal as trustee is warranted pursuant to California Probate Code § 15642 (b), the statute enumerating the grounds for removal of a trustee by the court. Although petitioner claims that the trustee must be removed because he failed to account to him or his designee, and that the accountings rendered to the trust beneficiary did not comply with the detailed requirements set forth in the California Probate Code, petitioner, as settlor of the irrevocable trust, had no right to an accounting or to receive information concerning the administration of the trust (*see* Cal Prob Code § 15642, Law Rev Commn Comment [2006]). While a trustee is required to account to a beneficiary pursuant to California Probate Code §§ 16061 and 16062, the trustee is never required to account to the settlor, unless the trust is revocable (*see Copley v Copley*, 126 Cal App 3d 248, 270, 178 Cal Rptr 842, 856 [1981]). Accordingly, if the accountings provided by the trustee to the beneficiary herein lacked the requisite detail, it was for the beneficiary, not the settlor, to petition for a more detailed accounting.

Also unavailing as a ground for removing the trustee is petitioner's claim that the trustee had a conflict of interest by reason of the circumstance that he personally held publicly traded stock in a company whose stock was also held by the trust. Respondent's ownership of the shares was known to petitioner at the time of respondent's appointment as trustee, and a trustee may not be removed for a potential conflict of interest known by the settlor at the time of appointment (*see Copley v Copley*, 126 Cal App 3d at 286-287, 178 Cal Rptr at 866; *Estate of Keyston*, 102 Cal App 2d 223, 227 P2d 17 [1951]). Further, petitioner failed to demonstrate that the trustee's simultaneous sale of his stock and the stock of the trust, almost eight years prior to the instant removal petition, was detrimental to the trust. Indeed, the trust netted a substantial profit from the sale of the stock, which was sold two years prior to the issuing company's bankruptcy.

The court properly denied petitioner's request for discovery, since it was able to adjudicate the substantive issues without additional evidence and without resolving issues of fact.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.